UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-22260-DPG

BETSY ISON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Complaint. [ECF No. 8]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED**.

### I.   BACKGROUND[1]

In April 2023, Plaintiff Betsy Ison ("Plaintiff") was traveling aboard Defendant Carnival Corporation's ("Defendant") M/S "LUMINOSA" vessel. [ECF No. 1 ¶ 13]. On or around April 15, 2023, Plaintiff tripped over, and fell from, an inconspicuous loose tile(s) on the ship's second deck near the "Piano 88 Bar" and suffered injuries. *Id.* ¶¶ 11, 13–14. The loose tile "was in a high traffic area, regularly utilized as a walkway by all individuals on board the vessel." *Id.* ¶ 19. According to Plaintiff, the loose tile "existed for a long enough period of time so . . . [Defendant] should have detected and corrected it[.]" *Id.* ¶ 20. However, Plaintiff does not explain how she estimates that length of time. Plaintiff also alleges that "the loose tile flooring on the M/S

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in the Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

'LUMINOSA' was a condition that had already caused other passengers to trip and fall, so . . . [Defendant] had actual or constructive knowledge of it[.]" *Id*. ¶ 21. However, Plaintiff does not identify those other passengers.

On June 12, 2024, Plaintiff filed this action against Defendant alleging claims for Negligent Maintenance and Negligent Failure to Warn. *Id*. ¶¶ 16–30. Defendant now moves to dismiss the Complaint for failure to sufficiently allege notice. [ECF No. 8].

## II.  LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While a court must accept well-pleaded factual allegations as true, *see Brooks*, 116 F.3d at 1369 (11th Cir. 1997) (per curiam), "conclusory allegations . . . are not entitled to an assumption of truth — legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

"[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint "are viewed in the light most favorable to the [P]laintiff." *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether h[er] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

### III. ANALYSIS

Defendant argues that the Court must dismiss Plaintiff's claim for failure to adequately allege notice. The Court agrees. To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F. 4th 1088, 1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.*

"Actual notice exists when the defendant knows of the risk creating condition." *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotation omitted).

Here, Plaintiff fails to sufficiently allege that Defendant had actual or constructive notice of the risk creating condition that caused her injuries. Plaintiff alleges that Defendant had actual or constructive notice of the loose tile(s) because that hazardous condition existed for a sufficient period in a high traffic area and because the loose tile(s) caused other passengers to trip and fall.

[ECF No. 8 ¶¶ 21, 30]. Plaintiff provides no factual allegations to estimate the length of time the tile was loose; nor does she identify the other passengers who tripped and fell on the same tile or other tiles in similar circumstances. Therefore, Plaintiff's allegations are conclusory and devoid of any detail to show how Defendant knew or should have known about the danger. *Randall*, 610 F.3d at 709–10 ("conclusory allegations . . . are not entitled to an assumption of truth — legal conclusions must be supported by factual allegations.").

Furthermore, Courts have already found similar allegations insufficient to establish notice. *See Holland*, 50 F.4th at 1095-96 (finding the allegation that "the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies" was insufficient to plausibly allege notice); *Kendall v. Carnival Corp.*, No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023) (finding the allegation that "Defendant had notice of the allegedly dangerous condition because of the length of time the surface had existed in a high traffic area of the ship" was insufficient to establish notice) (internal quotation omitted); *Colarte v. Carnival Corp.*, No. 1:24-CV-22203, 2024 WL 4124295, at *7 (S.D. Fla. Aug. 23, 2024), *report and recommendation adopted*, No. 24-22203-CV, 2024 WL 4122238 (S.D. Fla. Sept. 9, 2024) (finding the allegation that "Carnival knew of the dangerous condition through other passengers on Defendant's ships [that] have previously been injured under similar circumstances" was insufficient to establish notice) (internal quotation omitted). Accordingly, Plaintiff's Complaint shall be dismissed without prejudice for failure to sufficiently allege notice.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint, [ECF No. 8], is **GRANTED**.

2. The case is dismissed without prejudice.

3. Plaintiff shall file an Amended Complaint on or before August 1, 2025.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of July 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE